Our final case this morning is number 232288, Roseberry v. Collins. Okay, Mr. Hoffman. May it please the court, 35 years ago the Supreme Court decided that equitable tolling was available in federal courts in a case called Irwin. That case was decided in 1990 before the Veterans Court had ever decided a case. So the Irwin Court never had an opportunity to consider how veterans would be treated in the newly created Veterans Court of Appeals. But the Supreme Court got another shot at talking about equitable tolling in the Veterans Court context in Henderson in 2011. Right before Henderson, the Supreme Court had decided many of the jurisdictional or many of the statutes that set deadlines for filing appeals in the federal courts were in fact jurisdictional. But when it decided Henderson, Justice Alito, I believe it was, talked at great length about the solicitude Congress has for veterans. Now the Veterans Court isn't like the other federal courts. It is a special place for a class of citizens that this country owes a debt of gratitude to. And so they found that despite what's happening in other federal courts, the Veterans Court would have equitable tolling of the notice of appeal deadline. A few years later, this court decided Toomer. And in Toomer, the court stuck with the same standard, the extraordinary circumstances standard that had been set out in Irwin, not really talked about in Henderson at all, and decided that veterans still had to show extraordinary circumstances to avail him or herself of equitable tolling. However, in this time period, there were, I think, six cases that this court had remanded back to the Veterans Court for equitably tolling at too high of a standard and not using a case-by-case basis. Eventually, the Veterans Court in 2019 created a new rule, a rule that in part, at least for veterans who file an appeal fewer than 31 days late, jibes a lot more with Henderson than anything that had been done before and allowed veterans to start equitably tolling the notice of appeal deadline by a showing of good cause or excusable neglect. And that's where we are now. Since that, there hasn't been any other decisions from this court that really stated there has to be extraordinary circumstances. The Veterans Court has continued extraordinary circumstances, but not for the notice of appeal, only for the deadline to file an EJIA application. In the statutes for the EJIA, 28 U.S.C. 2412, and for the filing appeals to the Veterans Court, the language is materially identical. An EJIA applicant shall file. Do you think that part of what is before us is I know you're unhappy with the EJIA rule over the lack of an EJIA rule that is similar to the rule that the Veterans Court adopted for notice of appeals that are untimely? But is that part of this case? Do we have any jurisdiction over the Veterans Court rule or lack of a rule that you would like them to adopt for EJIA applications? No, Your Honor. I don't think the Veterans Court needs to adopt a new rule. It doesn't need to make changes to Rule 39. I think what the Veterans Court needs to do and what I'm wanting this court to do is to tell the Veterans Court, hey, wait a minute. Henderson changed the whole regime. Your Rule 4 is more reflective. At least, A, I think Rule 4 doesn't go far enough, quite frankly. But your Rule 4 is more what Henderson would have wanted, what the Supreme Court thought that Congress would want for veterans in the Veterans Court. Henderson didn't redefine what equitable tolerance was. It only decided that the statute wasn't jurisdictional. Correct, Your Honor. But Henderson's reasoning is that for veterans it would be a non-jurisdictional deadline. For veterans, because of what they've done, and really I think that can be extrapolated without much effort to say what the Supreme Court is saying in Henderson is that equitable tolling in the Veterans Court context should be a little more liberal and that there should be a little more grace given to veterans. And I think that it's important that the grace be given on the EJA application deadline as well. I don't see a material difference between the language and the statutes. And I think it's been downplayed a lot by the Veterans Court and by opposing counsel on what or how important the EJA is to veterans. Without EJA, the Veterans Court would have no legitimacy. There would be appeals. They would lose. You need both. You need the appeals. To have a functioning EJA system, you can still file on time. You can and you should. And I think allowing equitable tolling under a less stringent standard for EJA deadlines isn't going to change that. Attorneys are still going to want to file their EJA application on time. Just because you're 31 days and you're one day late, that doesn't mean you're going to get equitably tolled. There are instances. I think a good example is you've got an attorney on one hand, files everything on time at the court, doesn't even really use extensions, misses a deadline by one day. That's pretty excusable. You've got another attorney. They've never filed a late EJA application, constantly getting dinged by the court for filing a brief two days late, forgets to show up to conference. It's not so excusable. So this isn't just everybody gets a 31-day deadline now. This is more of a, hey, I understand you made a mistake. Veterans are paying the price for this. The attorney, it's true, paying the price too. But veterans ultimately pay the price because every little hurdle that that court puts up in having veterans not represented is dangerous to veterans and dangerous to the practice in their court and remaining a legitimate court where veterans can succeed. You're not challenging the rules or the lack of rules in the Veterans Court for EJA applications. You're not, I think, saying there's any error in how the Veterans Court understood its rules. So help me understand, what is your appellate argument? What's the issue? I think that the Veterans Court has misinterpreted 288 U.S.C. 2412, the EJA, to, like under Henderson, to not allow equitable tolling of the EJA deadline except for extraordinary circumstances. And applying this, this one sentence in Irwin where I feel like the Supreme Court is talking more about the case in Irwin that says, equitable tolling for a garden variety mistake. We're not going to equitably toll here because it's just a garden variety mistake. The Supreme Court didn't actually say there's no way you can ever equitably toll for a garden variety mistake. And again, that case is long before. If extraordinary circumstances is the correct standard, isn't it logical that ordinary negligence by definition cannot be an extraordinary circumstance? I agree with that. You do agree with that? I do agree with that because, I mean, if it's neglect, extraordinary circumstances has an outside component. I think the fact that it's neglected makes it very hard for it to be maybe impossible. I've been tolling that around in my head for four days. I can't think of a circumstance where you could have both neglect and an extraordinary circumstance that are actually related to one another. Are there any other questions? Okay. Go ahead and sit. Ms. Bissac? Good morning. May it please the Court. The Veterans Court here utilized the correct standard for equitable tolling, and the decision should therefore be affirmed. This Court has endorsed the same requirements that the Veterans Court utilized here in numerous cases in defining what equitable tolling requires. That is, an extraordinary circumstance, due diligence, and attempting to file, and then a connection between the extraordinary circumstance and the failure to timely file. This Court's cases in Toomer and Nelson are particularly instructive, specifically Nelson, which explicitly rejected the argument that excusable neglect was somehow part of the equitable tolling definition or could be a basis for equitable tolling. And the Supreme Court's decision in Irwin, its follow-up decision in Lawrence, these are all cases that have been cited in the briefing, along with this Court's case law in Nelson and Toomer and cases like Checco supports the definition that was utilized by the Veterans Court here. And there is no basis for a departure from the extraordinary circumstances standard. Are there any arguments in the blue brief that we heard today that you think are not properly before us? Your Honor, not that I have heard today. To the extent that the blue brief was trying to ask this, or in either brief that the petitioner here was trying to ask this Court to either invalidate a Veterans Court rule or require a different rule than is currently available under the Veterans Court's rules, I think those would not be before this Court and certainly weren't made below, and frankly I'm not sure what the jurisdiction would be for that. I think the sole question before this Court, as I understand it, is whether or not the doctrine of equitable tolling encompasses something less than extraordinary circumstances. And we would simply argue that this Court's case law has made clear that it does not. If there are no further questions, we would ask that the Veterans Court be affirmed. Okay, thank you. Thank you.  Basically, since Henderson, I think it's when you read the SCOTUS cases on equitable tolling and they said the deadline, the word generally, typically thrown in there, generally implying that there's something else, that there is an exception. And I think Henderson sets that exception out perfectly. The exception is the one court. Henderson says this is the only court like this in America, and it is a special place where the thumb is put on the scale in favor of the veteran. And I think that should extend to the aegis much as it does to the Notice of Appeal. Veterans benefit from the aegis more than any other class of people in America. Almost half the awards are awarded at the Veterans Court for the last 10 years. So what we ask is that the Court hold that equitable tolling can be on the Notice of Appeal and the aegis application deadline for standard less than extraordinary circumstances. And the Veterans Court can look at how they do this already in Rule 4 for Notices of Appeal. And the guidelines there. Questions? Okay. All right. Thank you.